UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

TURCHAN TECHNOLOGIES GROUP, INC.,

                 Debtor.   /

Case No. 09-67671

Chapter 11

Judge Thomas J. Tucker

TURCHAN TECHNOLOGIES GROUP, INC.,

        Plaintiff(s),

vs.

INTERNAL REVENUE SERVICE,

        Defendant(s).   /

Adv. Pro. No. 10-4315

**OPINION REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF
AGAINST THE INTERNAL REVENUE SERVICE (DOCKET # 18)**

This adversary proceeding came before the Court for an expedited hearing on November 23, 2010, on the Plaintiff's motion entitled "Plaintiff/Debtor's Motion for Injunctive Relief Enjoining the IRS from Engaging in Collection Activities" (Docket # 18, the "Motion"). At the conclusion of the hearing, the Court took the Motion under advisement. This opinion states the Court's findings of fact and conclusions of law concerning the Motion. For the reasons stated in this opinion, the Court will deny the Motion.

**I. Jurisdiction**

This Court has subject matter jurisdiction over the Plaintiff's pending Chapter 11 bankruptcy case, this adversary proceeding, and this contested matter, all under 28 U.S.C. §§ 157(a) and (b)(1) and 1334(b), and Local Rule 83.50(a) (E.D. Mich.) This adversary proceeding is a core proceeding under, among other possible provisions, 28 U.S.C.

§ 157(b)(2)(B). This contested matter (the Motion) is a core proceeding under, among other possible provisions, 28 U.S.C. § 157(b)(2)(A), (B), and (O). In addition, under the Plaintiff's confirmed Chapter 11 plan, this Court retained jurisdiction to decide the type of dispute involved in the Motion.[1]

## II. Standards for the grant or denial of a preliminary injunction

In determining whether to grant a request for a preliminary injunction, courts normally must consider the following factors:

> (1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction

*United States v. Edward Rose & Sons,* 384 F.3d 258, 261 (6th Cir. 2004)(internal quotation marks and citations omitted). "These are factors to be balanced, not prerequisites that must be met." *Id.* (citation omitted). "'Accordingly, the degree of likelihood of success required may depend on the strength of the other factors.'" *Michael's Finer Meats, LLC v. Alfery,* 649 F. Supp. 2d 748, 756 (S.D. Ohio 2009)(quoting *Unsecured Creditors' Committee of DeLorean Motor Co. v. DeLorean (In re DeLorean Motor Co.),* 755 F.2d 1223, 1229 (6th Cir. 1985)). "'In making its determination, the . . . court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue.'" *Id.* (quoting *Lorillard Tobacco Co. v.*

---

[1] *See*, among other possible provisions in Plaintiff's confirmed plan, the "Second Amended Combined Disclosure Statement and Plan of Reorganization of Turchan Technologies Group, Inc." (Docket # 73, the "Second Amended Plan"), at 16-17 §§ 7.1(E) and 7.1(F). The Second Amended Plan was confirmed by the "Order Approving and Confirming Debtor's Second Amended Combined Disclosure Statement and Plan of Reorganization"(Docket # 117, the "Order Confirming Plan").

2

*Amouri's Grand Foods, Inc.*, 453 F.3d 377, 380 (6th Cir.2006)).

The Defendant Internal Revenue Service ("IRS") argues that a somewhat different standard applies in this case, because Plaintiff seeks to enjoin the collection of federal taxes. The IRS argues that:

> Section 7421(a) of the Internal Revenue Code (26 U.S.C.), commonly referred to as the Anti-Injunction Act, provides that "[e]xcept as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b), and 7436 no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). The Anti-Injunction Act bars requests for both permanent and preliminary injunctions. *See Int'l Lotto Fund v. Virginia State Lottery Dept.*, 20 F.3d 589, 590 (4th Cir. 1994). The Supreme Court has provided an additional exception to the Anti-Injunction Act **where it is clear that there are no circumstances under which the United States will ultimately prevail and the party seeking the injunction can demonstrate that the government's collection activities will irreparably harm the taxpayer**. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962).[2]

At the hearing, Plaintiff did not dispute that these more demanding standards apply here, rather than the normal standards for granting a preliminary injunction. For reasons explained below, however, under either set of standards, the Court must deny Plaintiff's Motion.

**III. Discussion**

It is undisputed, and the Court finds, that the Plaintiff has failed to make all of the payments into the escrow account ("escrow payments") that were required by ¶ 26(B) of the Order Confirming Plan. To date, Plaintiff has failed to make the following required payments: $10,000 of each of the $20,000 payments due on the following dates: August 1, 2010 and

---

[2] Docket # 22 at 9 (emphasis added).

September 1, 2010; and the $20,000 payments due on each of the following dates: October 1, 2010 and November 1, 2010. It is undisputed, therefore, that to date, Plaintiff has failed to make a total of $60,000 in escrow payments required by ¶ 26(B) of the Order Confirming Plan. Put another way, to date Plaintiff has made escrow payments totaling $80,000, of the required total due of $140,000.

Each failure by Plaintiff to make a required monthly escrow payment, beginning with Plaintiff's failure to pay $10,000 of the $20,000 due on August 1, 2010, constituted a "failure of the Debtor to make [a] required payment due on any administrative, priority, or general unsecured claim of the IRS" within the meaning of ¶ 26(K) of the Order Confirming Plan. It also constituted a "failure of the Debtor to make any payment due on a secured or priority tax claim" within the meaning of ¶ 44 of the Order Confirming Plan. The phrases "payment due on" any claim of the IRS in ¶¶ 26(K) and 44, include the "[p]ayments toward the IRS Claim" in the form of the escrow payments required by ¶ 26(B) of the Order Confirming Plan. Paragraphs 26(B), 26(K), and 44, and the Order Confirming Plan as a whole, are unambiguous in these respects.

It is undisputed, and the Court finds, that on September 28, 2010, the IRS mailed to Plaintiff a written notice of default, giving Plaintiff notice of its defaults in failing to make the full amount of the escrow payments due on August 1 and September 1, 2010.[3] It is also undisputed that Plaintiff did not cure these defaults within 30 days after the mailing of the IRS's written default notice, or in fact, at any time through the present.

The Court must reject Plaintiff's argument, made in its November 22, 2010 reply brief, that ¶ 26(K) of the Order Confirming Plan requires, before the IRS can exercise its collection

---

[3] Docket # 22, Exhibit 2 and Exhibit 3 at 3 ¶ 9.

rights under ¶ 26(K), that the Plaintiff not only fail to cure a payment default within 30 days of a notice of default, but also that Plaintiff fail "to meet the timeframes for liquidating the assets" under the confirmed plan.[4] Rather, these two conditions are in the disjunctive, so that either condition is sufficient to permit the IRS to exercise its collection rights under ¶ 26(K). That paragraph, the Order Confirming Plan as a whole, and the Second Amended Plan are unambiguous in this respect.

The Court also must reject Plaintiff's argument, made in its November 22, 2010 reply brief, that under the circumstances, the IRS is limited to the remedies provided in ¶ 15 of the Order Confirming Plan.[5] Rather, the remedies in ¶ 15 are in addition to — and therefore cumulative with — the remedies provided in ¶¶ 26(K) and 44. These paragraphs, the Order Confirming Plan as a whole, and the Second Amended Plan, are unambiguous in this respect.

The conduct by the IRS against which the Motion seeks injunctive relief, including the IRS's service of notices of levy to Bank of America and Plaintiff's customers who owe Plaintiff money on account, was and is permitted by ¶¶ 26(K) and 44 of the Order Confirming Plan. And such conduct is not prohibited by any other provision of Plaintiff's confirmed Chapter 11 plan. The Order Confirming Plan, and the Second Amended Plan, are unambiguous in this respect.

Plaintiff argued at the hearing that even if the circumstances here — *i.e.*, the Plaintiff's uncured failure to make all the escrow payments required by ¶ 26(B) of the Order Confirming Plan — *did* trigger the IRS's right under ¶ 26(K) to "exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim," that right is limited to the

---

[4] Docket # 24 at 2.

[5] *Id.* at 1-2.

recovery of the monthly escrow payments that have come due but not been paid. The Court disagrees. The reference in ¶ 26(K) (and in ¶ 44) to "its entire claim" means, unambiguously, the entire amount of the IRS's claim, as currently embodied in its proof of claim filed in this case.[6] Unambiguously, the phrase "its entire claim" does not mean only the amount of those plan payments required, but not made, to date.

Plaintiff alleges that to date, the IRS's notices of levy have tied up a total of approximately $112,000 of Plaintiff's assets, in the form of Plaintiff's bank account and accounts receivable.[7] Because that amount is far less that the IRS's claim, which totals over $2.9 million, the IRS's actions are permitted by ¶¶ 26(K) and 44 of the Order Confirming Plan.

The Court agrees with one of Plaintiff's arguments to this extent: under ¶ 26(D) of the Order Confirming Plan, the IRS is not permitted to receive any payment from the escrow account (into which Plaintiff has to date paid $80,000, as noted above,) "until the IRS Claim is fully and finally resolved" in this adversary proceeding. Thus, for example, because of ¶ 26(D), neither ¶ 26(K) nor ¶ 44 of the Order Confirming Plan, at this time, permits the IRS to obtain payment from the escrow account, either by order of this Court or by any non-bankruptcy law collection remedies.

The Court further notes that if the IRS, through the exercise of its non-bankruptcy rights and remedies under ¶¶ 26(K) and 44 of the Order Confirming Plan, collects more on its claim that this Court ultimately determines is the correct allowed amount of the claim, the IRS will be

---

[6] Claim No. 2-2, the IRS's amended proof of claim filed March 19, 2010 in the main case (Case No. 09-67671). If and when the IRS's claim is reduced as a result of this adversary proceeding, then "its entire claim" will mean the claim in that reduced, allowed amount.

[7] Docket # 24 at 3.

required to pay the excess back to the Plaintiff (or, if this case has since been converted to Chapter 7, to the Chapter 7 trustee).

### IV. Application of the preliminary injunction standards to this case

From the foregoing, it is clear that the Court cannot grant the injunctive relief that Plaintiff seeks in the Motion. Plaintiff's likelihood of success on the merits is zero. That is, Plaintiff's claim that the IRS's collection actions, including its notices of levy, are not permitted by the Order Confirming Plan — are certain to fail, and do fail, for the reasons stated in this opinion, above. As a result, the Court need not make specific findings regarding all four of the traditional preliminary injunction factors. Rather, in this case, "fewer factors are dispositive of the issue." *See Michael's Finer Meats, LLC*, 649 F. Supp. 2d at 756 (quoting *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 380 (6th Cir.2006)).

### V. Conclusion

For the reasons stated in this opinion, the Court will deny Plaintiff's Motion in its entirety. The Court will enter a separate order.

**Signed on November 23, 2010**     /s/ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**